UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Don Damron,

    Plaintiff,

v.

Liberty Mutual Insurance Company, *et al.*,

    Defendants.
_____/

Case No. 19-11497

Sean F. Cox
United States District Court Judge

**<u>ORDER</u>**
**<u>AFFIRMING MAGISTRATE JUDGE'S MAY 28TH ORDER</u>**
**<u>AND DENYING MOTION FOR STAY AS MOOT</u>**

During discovery in this matter, Plaintiff Don Damron ("Plaintiff") and Defendants Alexandre Kot and Quik X Transportation (hereinafter "Defendants") filed motions seeking protective orders concerning depositions. (ECF Nos. 37 & 45). This Court referred those two motions to Magistrate Judge Elizabeth Stafford.

On May 28, 2020, Magistrate Judge Stafford issued an "Order Granting Plaintiff's And Denying Defendants' Motion For Protective Order" (ECF No. 53). In that order, the magistrate judge noted that amid the ongoing novel coronavirus pandemic ("COVID-19"),[1] the "attorneys in this case have filed motions for protective orders that show a lack of cooperation and civility." (*Id*. at 2). She explained that, "[i]n short, the parties cannot agree on how, when or where to continue the deposition of Plaintiff Don Damron or to hold the deposition of Defendant

---

[1] As the Sixth Circuit recently explained, the "COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-10 fatality rates increase with age and underlying health condition such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. Because there is no current vaccine, the Centers for Disease Control and Prevention ("CDC") recommends [various] preventative measures to decrease transmission," including physical distancing. *Wilson v. Williams*, __ F.3d __ (6th Cir. June 9. 2020).

Alexandre Kot, who resides in Canada." (*Id*.)

The magistrate judge explained that "Federal Rule of Civil Procedure 30(b)(4) permits depositions by remote means. And during the current pandemic, "[v]ideo or teleconference depositions and preparation are the 'new normal' and most likely will be for some time. Litigation cannot just come to an indefinite halt." *Wilkens v. ValueHealth, LLC*, No. 19-1193-EFM-KGG, 2020 WL 2496001, at *2 (D. Kan. May 14, 2020); *see also United Coals, Inc. v. Attijariwafa Bank*, No. 1:19-CV-95, 2020 WL 1866426, at *7 n. 8 (N.D.W. Va. Apr. 14, 2020) ("As counsel and the Court endeavor to litigate and adjudicate during the COVID-19 outbreak, the world in which lawyers toil for depositions and the like has shrunk even more than before the pandemic with the prevalence of Zoom, FaceTime, Skype and other virtual discovery platforms."). After considering the arguments of the parties, the magistrate judge ultimately ordered as follows:

> As such, the Court GRANTS plaintiff's motion for protective order [ECF No. 37]; the continuation of his deposition will take place by videoconference even if Governor Gretchen Witmer soon eases restrictions on nonessential business. The Court DENIES defendants; motion for protective order [ECF No. 45]; Kot's deposition will be held by videoconference.
> These depositions shall be held by June 19, 2020. The parties must agree to specific dates and times forthwith. Any party failing to cooperate in scheduling the depositions shall be subject to sanctions.
> IT IS SO ORDERED.

(*Id.* at 3-4).

The May 28th Order expressly reminded the parties that "[w]hen an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge." (*Id*. at 4) (Quoting E.D. Mich. LR 72.2).

Rule 72 of the Federal Rules of Civil Procedure provides that after a magistrate judge

issues an order on a nondispositive motion, a "party may serve and file objections to the order within 14 days" and the "district court in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72((2).

On June 8, 2020, Defendants filed objections to the magistrate judge's May 28th Order, asserting that her rulings in that order are clearly erroneous or contrary to law. (ECF No. 59).

The following day, June 9, 2020, Defendants filed an "Emergency Motion To Stay Magistrate Judge's May 28, 2020 Order." (ECF No. 60). In that motion, Defense Counsel states that "[b]ecause the remote deposition of the Plaintiff has been scheduled to take place . . . on June 11, 2020, Defendants request that the Order be stayed prior to that date so that the deposition can be conducted in person with all appropriate Covid-19 precautions in place." (*Id*. at 2). Defendants ask this Court to stay the magistrate judge's order "until such time as the Objections" to the May 28th Order are ruled upon. (*Id*. at 3).

In light of Defendants having filed an emergency motion, this Court has given this matter expedited consideration. Having reviewed the parties' motions, and the magistrate judge's rulings set forth in her May 28th order, the Court concludes that Defendants have not shown that her rulings are clearly erroneous or contrary to law. Such determinations, which must be based on the facts and circumstances of the particular case, are a matter of discretion. As this Court does not find the magistrate judge's decision clearly erroneous or contrary to law, it will not disturb Magistrate Judge Stafford's exercise of that discretion.

Accordingly, the Court **OVERRULES** Defendants' objections and **AFFIRMS** the magistrate judge's May 28, 2020 Order. In light of that, **IT IS FURTHER ORDERED** that Defendants' request for a stay is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 10, 2020